CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

JUDGE WOODS

15 CV 3088

RECEIVED
APR 21 2015
U.S.D.C. S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FABIAN CONTRERAS and JOSE AGUSTIN CONTRERAS,
on behalf of themselves, and others similarly situated,

CASE NO.:

Plaintiffs,

**FLSA COLLECTIVE
ACTION COMPLAINT**

-against-

BANGKOK CAFE, INC., doing business as ROHM THAI
RESTAURANT, or any other business entity doing business as
ROHM THAI RESTAURANT, located at 27 East 20th Street,
New York, NY, 10003, and ANEK POOVIRIYAKUL, individually,

ECF CASE

Defendants.

---

Plaintiffs, Fabian Contreras and Jose Agustin Contreras, ("Plaintiffs"), on behalf of themselves, and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Bangkok Cafe, Inc., doing business as Rohm Thai Restaurant, located at 27 East 20th Street, New York, NY 10013, or any other business entity doing business as Rohm Thai Restaurant, located at 27 East 20th Street, New York, NY 10003, and Anek Pooviriyakul, individually, (collectively referred to herein as the "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs, allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiffs, further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours; (4) statutory penalties and liquidated damages pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343. This court has supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

5. Plaintiffs are adult residents of Queens County, in New York City.

6. Defendant, Bankkok Cafe, Inc., is a domestic business corporation organized under the laws of the State of New York, doing business as Rohm Thai Restaurant (hereinafter referred to as "Rohm Thai"), with a principal place of business at 27 East 20th Street, New York, New York 10003.

7. Defendant, Rohm Thai, is a domestic business corporation organized under the laws of the State of New York, owning and operating a Thai restaurant in New York City.

8. Upon information and belief, Defendant, Anec Pooviriyakul, is an owner, officer, director and/or managing agent of Rohm Thai, whose address is unknown at this time and who participated in the day-to-day operations of Rohm Thai, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Rohm Thai.

9. Plaintiff, Fabian Contreras, was employed by Defendants in New York County, New York, to work as a cleaner, dishwasher, delivery person, and food preparation helper, for Defendants' Restaurant known as "Rohm Thai Restaurant" from on or about September 2009 until March 29, 2015.

10. Plaintiff, Jose Agustin Contreras, was and is employed by Defendants in New York County, New York, to work as a cleaner, dishwasher, delivery person, and food preparation helper, for Defendants' Restaurant known as "Rohm Thai Restaurant" from on or about July 2010, through March 29, 2015.

11. At all relevant times, Rohm Thai was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12. Upon information and belief, Rohm Thai owns and operates the Thai restaurant which employed the Plaintiffs.

13. At all relevant times, the work performed by Plaintiffs was directly essential to the businesses operated by Rohm Thai.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages and minimum wages, in contravention of the FLSA and New York Labor Law.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

16. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

17. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. In or about September 2009, Plaintiff, Fabian Contreras, was hired by Defendants to work as a cleaner, dishwasher, food preparation assistant, and delivery person at Defendants' Restaurant known as "Rohm Thai Restaurant" located at 27 East 20th Street, New York, New York 10013.

19. Plaintiff, Fabian Contreras, worked for the Defendants until on or about March 29, 2015.

20. During Plaintiff Fabian Contreras' employment by Defendants, he worked over forty (40) hours per week. Plaintiff Fabian Contreras generally worked seven (7) days per week, and his work shift consisted of twelve (12) hours per day during five (5) days; and six (6) hours per day during two (2) days, for a total of seventy-two (72) working hours per week.

21. Plaintiff Fabian Contreras was not paid wages for all hours worked, minimum wages, or overtime wages. Plaintiff was paid a weekly wage ranging from $290.00 per week in 2009 and 2010, to $390.00 in 2015, and he worked seventy-two (72) hours each week. Plaintiff

was not paid any additional compensation for work performed above forty (40) hours per week; he was not paid at time and one-half the statutory minimum rate of pay as required by state and federal law. At times Plaintiff Fabian Contreras received a portion of his wages by check, but during the last year of his employment, he was paid entirely by cash.

22. In or about July 2010, Plaintiff, Jose Agustin Contreras, was hired by Defendants to work as a cleaner, dishwasher, food preparation assistant, and delivery person at Defendants' Restaurant known as "Rohm Thai Restaurant" located at 27 East 20th Street, New York, New York 10013.

23. Plaintiff, Jose Agustin Contreras, worked for the Defendants continuously between July 2010 through March 29, 2015.

24. During Jose Agustin Contreras' employment by Defendants, he worked over forty (40) hours per week. Plaintiff Jose Agustin Contreras generally worked seven (7) days per week, and his work shift consisted of twelve (12) hours per day during five (5) days; and six (6) hours per day during two (2) days, for a total of seventy-two (72) working hours per week.

25. Plaintiff Jose Agustin Contreras was not paid wages for all hours worked, minimum wages, or overtime wages. Plaintiff was paid a weekly wage ranging from $330.00 in 2010 to $400.00 in 2015, and he worked seventy-two (72) hours each week. Plaintiff was not paid any additional compensation for work performed above forty (40) hours per week; he was not paid at time and one-half the statutory minimum rate of pay as required by state and federal law. At times Plaintiff Fabian Contreras received a portion of his wages by check, but during the last year of his employment, he was paid entirely by cash.

26. Plaintiffs were never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

27. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs and other similarly situated employees.

28. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

29. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

30. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

31. Defendant, Anek Pooviriyakul, is an individual who, upon information and belief, owns the stock of Rohm Thai and Restaurant, owns Rohm Thai and Restaurant, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by the Defendants at any of their owned and/or operated locations, for up to the last six (6) years, through entry of judgment in this case (the "Collective Action Period"), and whom were not compensated for hours worked, or failed to receive minimum wages, or overtime

compensation for all hours worked above forty (40) per week (the "Collective Action Members").

33. Upon information and belief, the Collection Action Members are so numerous that joinder of all members is impracticable. The identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are hundreds of potential Collective Action Members, who have worked for or continue to work for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

34. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

35. This action should be certified as a collective action because the prosecution of separate actions by individual members of the collective action would create a risk of either inconsistent or varying adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

36. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively

small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

37. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and the other Collective Action Members are:

a. Whether the Defendants employed Collective Action Members within the meaning of the FLSA;

b. Whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain records;

d. Whether the Defendants failed to post or keep a notice explaining the minimum wage and overtime pay rights provided by the FLSA in an area where Plaintiffs were employed, in violation of C.F.R. § 516.4;

e. Whether the Defendants failed to pay the Collective Action Members wages for all hours worked and minimum wages in violation of the FLSA and the regulations promulgated thereunder;

f. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulations promulgated thereunder;

    g. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

    h. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

38. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

39. Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

40. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendants employed Plaintiffs and the Collection Action Members within the meaning of the FLSA.

43. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

44. Plaintiffs, and similarly situated employees, worked hours for which they were not paid the statutory minimum wage.

45. At all relevant times, Defendants had a policy and practice of refusing to pay the wages to Plaintiffs for all of their hours worked.

46. Defendants failed to pay Plaintiffs and similarly situated employees minimum wages in the lawful amount for all hours worked.

47. Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

48. Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

49. At all relevant times, Defendants had, and continues to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiffs and the Collective Action Members.

51. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and similarly situated employees, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to

determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

52. Records, if any, concerning the number of hours worked by Plaintiffs and similarly situated employees and the actual compensation paid to Plaintiffs and similarly situated employees are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53. Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members, of their rights under the FLSA.

54. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

55. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

56. Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### [Violation of the New York Wage Theft Prevention Act]

57. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58. At all relevant times, Plaintiffs and similarly situated employees were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59. Defendants knowingly and willfully violated Plaintiffs' and similarly situated employees' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

60. Defendants knowingly and willfully violated Plaintiffs' and similarly situated employees' rights by failing to pay Plaintiffs and similarly situated employees overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

61. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs and similarly situated employees for each day they worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

62. Due to the Defendants' New York Labor Law violations, Plaintiffs and similarly situated employees are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seeks liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## COUNT III
**[Unlawfully Requiring Plaintiffs to Purchase and Maintain the Tools of Their Trade]**

63. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64. The FLSA prohibits employers from requiring minimum wage employees to purchase the tools of their trade or give any money back to his or her employer. 29 U.S.C. § 201 *et. seq.*; 29 C.F.R. § 531.35.

65. Defendants required Plaintiffs to purchase and maintain several bicycles and helmets to make deliveries. Plaintiffs had to pay for their own maintenance and repairs to the bicycles. Defendants did not reimburse Plaintiffs for these costs.

66. Due to the intentional, willful and unlawful acts of the Defendants in requiring Plaintiffs to purchase, repair and maintain multiple bicycles, Plaintiffs are entitled to compensatory damages, an equal amount as liquidated damages, and prejudgment interest thereon.

67. Plaintiffs are entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT IV
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

68. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "67" of this Complaint as if fully set forth herein.

69. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

70. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

71. Plaintiff and others similarly situated were paid their wages in cash, and not provided with a wage statement as required by law.

72. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs Fabian Contreras and Jose Agustin Contreras, on behalf of themselves, and similarly situated employees, respectfully request that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid minimum wages under the FLSA and New York Labor Law;

(c) An award of unpaid overtime wages under the FLSA and New York Labor Law;

(d) An award of unpaid "spread of hours" premium under the New York Labor Law;

(e) An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f) An award of liquidated as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and specifically the New York Wage Theft Prevention Act;

(g) Statutory penalties for failing to provide a wage statement to plaintiffs and other similarly situated employees;

(h) An award of prejudgment and post-judgment interest;

(i) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(j) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
April 21, 2015

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile   (212) 209-7102

By: _____
      Peter H. Cooper  (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Fabian Contreras-Tepal__, am an employee formerly employed by __Rohm Thai__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__April 20__, 2015

_____

Sworn to before me this __20th__ day of __April__ 2015.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20__

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Jose Agustin Contreras__, am an employee formerly employed by __Rohm Thai__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
          __April 20__, 2015

Sworn to before me this __20th__ day of __April__ 2015.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20__18__